IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-244-D

KACEY BARCLIFF, TRACEY BURGESS, )
YOLANDA HART, TISHA NEWKIRK, )
TANIKA SNEED, and DEMOND THORNE, )
)
               Plaintiffs, )
)         **ORDER**
               v. )
)
NORTH CAROLINA LEAGUE OF )
MUNICIPALITIES, )
)
               Defendant. )

Plaintiffs Kacey Barcliff, Tracey Burgess, Yolanda Hart, Tisha Newkirk, Tanika Sneed, and Demond Thorne ("collectively plaintiffs") seek relief from North Carolina League of Municipalities ("NCLM" or "defendant") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Age Discrimination in Employment Act ("ADEA") [D.E. 1]. Plaintiffs are five African Americans and one Hispanic American and are either NCLM employees or former NCLM employees. See Compl. ¶¶ 1–2, 4–6. All are female, except Thorne. Id. Hart is Hispanic and age 47. Id. ¶¶ 6, 11(x). In count one, plaintiffs allege race discrimination in employment in violation of Title VII and section 1981. Id. ¶ 15. In count two, Hart alleges that NCLM did not promote her due to her age in violation of the ADEA. Id. ¶¶ 16–17. In count three, Thorne alleges that NCLM did not promote him due to his sex in violation of Title VII and section 1981. Id. ¶¶ 18–19. In count four, Barcliff alleges that NCLM retaliated against her in violation of Title VII and section 1981. Id. ¶¶ 20–22. In count five, Barcliff and Thorne allege that NCLM constructively discharged them in violation of Title VII and section 1981. See id. ¶ 23. On August 23, 2010, NCLM filed a motion to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted [D.E.

21]. As explained below, the court grants the motion and dismisses the complaint without prejudice.

I.

In analyzing a motion to dismiss for failure to state a claim upon which relief can be granted, a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56, 563 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. Ashcroft, 129 S. Ct. at 1949–50; Coleman, 626 F.3d at 190; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302; see Ashcroft, 129 S. Ct. at 1949–50. Furthermore, a court may consider "documents incorporated into the complaint by reference, and matters of which the court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

A.

Initially, NCLM argues that plaintiffs' Title VII claims in counts one, three, four, and five and Hart's ADEA claim in count two are time-barred because they filed their charges with the Equal Employment Opportunity Commission ("EEOC") more than 180 days after the alleged acts of discrimination. See 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d). In support, NCLM cites the dates of the alleged adverse employment action described in the complaint or the EEOC charges and

2

notes that the EEOC dismissed some of plaintiffs' charges as untimely. In opposition to NCLM's motion to dismiss plaintiffs' Title VII and ADEA claims, plaintiffs submitted their EEOC charges and argue that their EEOC charges were timely.

Under Title VII and the ADEA, plaintiffs are required to have filed an EEOC charge within 180 days of each discrete adverse employment action described in the complaint. See, e.g., Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110–15 (2002); EEOC v. Commercial Office Prods. Co., 486 U.S. 107, 110 (1988); Williams v. Giant Food Inc., 370 F.3d 423, 428 (4th Cir. 2004); Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002); McCullough v. Branch Banking & Trust Co., 35 F.3d 127, 131 (4th Cir. 1994); Bratcher v. Phar. Prod. Dev., Inc., 545 F. Supp. 2d 533, 539–43 (E.D.N.C. 2008).

Barcliff filed an EEOC charge on March 1, 2010, alleging race discrimination and retaliation See D.E. 26-1, Ex. 1, Barcliff EEOC Filing. In her EEOC charge, Barcliff alleged that beginning on September 5, 2008, and throughout her employment, she was not allowed to perform her duties in human resources, received less benefits than a Caucasian co-worker, and was constructively discharged on February 8, 2010. Id. On April 9, 2010, the EEOC dismissed Barcliff's charge. Id.

Burgess filed an EEOC charge on February 26, 2010, alleging race discrimination. See D.E. 26-2, Ex. 2, Burgess EEOC Filing. In her EEOC charge, Burgess claimed that NCLM had employed her since June 2, 2000, and that she had been denied several promotions and training opportunities due to her race. Id. She also claimed that she had been disciplined differently due to her race. Id. On April 16, 2010, the EEOC dismissed Burgess's charge. Id.

Hart filed her EEOC charge on March 11, 2010, alleging race discrimination and age discrimination. See D.E. 26-3, Ex. 3, Hart EEOC Filing. In her EEOC charge, Hart claimed that she had been denied several promotions. Id. On April 9, 2010, the EEOC dismissed the charge as

3

untimely because Hart "waited too long after the date(s) of the alleged discrimination to file [her] charge." Id.

Newkirk filed her EEOC charge on March 24, 2010, alleging race discrimination. See D.E. 26-4, Ex. 4, Newkirk EEOC Filing. In her EEOC charge, Newkirk claimed that she applied for an accounting position on or about June 20, 2009, but did not get the job due to her race and lack of a degree. Id. On April 16, 2010, the EEOC dismissed Newkirk's charge. Id.

Sneed filed her EEOC charge on March 1, 2010, alleging race discrimination. See D.E. 26-5, Ex. 5, Sneed EEOC Filing. In her EEOC charge, Sneed claimed that NCLM had denied her several promotions and her work was outsourced. Id. On April 9, 2010, the EEOC dismissed Sneed's charge. Id.

Thorne filed his EEOC charge on September 23, 2009, alleging race, color, sex, and national origin discrimination. See D.E. 26-6, Ex. 6, Thorne EEOC Filing. In his EEOC charge, Thorne claimed that "Danise Hobson, white, was selected for promotion." Id. Thorne's EEOC charge does not mention constructive discharge. Id. On April 9, 2010, the EEOC dismissed Thorne's charge as untimely because he "waited too long after the date(s) of the alleged discrimination to file [his] charge." Id.

In counts one, three, four, and five, plaintiffs attack discrete adverse employment actions under Title VII. In count two, Hart attacks a non-promotion decision under the ADEA. As for each plaintiff, 42 U.S.C. § 2000e-5(e)(1) and 29 U.S.C. § 626(d) bar any claim arising 180 days before each plaintiff filed his or her EEOC charge. See, e.g., Morgan, 536 U.S. at 110–15, 122; McDougal-Wilson v. Goodyear Tire and Rubber Co., 427 F. Supp. 2d 595, 606 n.3 (E.D.N.C. 2006). Thus, the court dismisses any Title VII or ADEA claim challenging a discrete adverse employment action that occurred more than 180 days before plaintiff filed his or her EEOC charge. Accordingly,

4

the court dismisses as untimely Hart's Title VII claim in count one and ADEA claim in count two, and Thorne's Title VII claim in count one, count three, and count five.

B.

As for the timeliness of the section 1981 claims in the complaint, plaintiffs allege race discrimination in violation of section 1981 in counts one, four, and five. The statute of limitations under 42 U.S.C. § 1981 is four years. See 28 U.S.C. § 1658; Jones v. R.R. Donnelley Sons Co., 541 U.S. 369, 383–84 (2004). Therefore, any alleged race discrimination that occurred more than four years before plaintiffs filed suit is dismissed as time-barred. See, e.g., Jones, 541 U.S. at 383–84; McDougal-Wilson, 427 F. Supp. 2d at 604 n.2.

C.

Alternatively, NCLM argues that plaintiffs have failed to state a claim upon which relief can be granted due to the failure to allege adverse employment action or the failure to plead the claim with the requisite plausibility. Of course, adverse employment action is required to state a claim under Title VII and section 1981. See, e.g., James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371, 376–78 (4th Cir. 2004); Von Gunten v. Maryland, 243 F.3d 858, 867–68 (4th Cir. 2001), abrogated on other grounds by Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53 (2006); Boone v. Goldin, 178 F.3d 253, 255–57 (4th Cir. 1999).

As for Barcliff's Title VII and 1981 claims in count one, Barcliff fails to describe with the requisite plausibility how she suffered any adverse employment action. See Compl. ¶ 11(l)–11(t). Thus, the court grants the motion to dismiss Barcliff's claims in count one.

As for Burgess's Title VII and section 1981 claims in count one, Burgess alleges that she was denied promotions, denied training opportunities, and disciplined due to her race. See id. ¶ 11(u)–(w). Denial of a promotion is adverse employment action. Assuming without deciding that

5

the training and disciplinary allegations qualify as adverse employment actions, Burgess has not provided any factual allegations to support her claims. Rather, the allegations are simply a "formalistic recitation of the elements" of the cause of action. See, e.g., Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555; Coleman, 626 F.3d at 190. If the events occurred, Burgess should be able to identify the specific promotion for which she applied, when she was not selected, the person or persons selected, the specific training opportunity that she was denied, when it was denied, the specific discipline that she received, when it was received, and appropriate comparators. See, e.g., Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555; Coleman, 626 F.3d at 190. Thus, the court grants the motion to dismiss Burgess's claims in count one.

As for Hart's Title VII and section 1981 claims in count one, Hart alleges that she has been an employee since November 2006, that she applied for four promotions, and that the promotions went to young Caucasian applicants. See Compl. ¶ 11(x)–11(z). Hart's allegations, however, are simply a "formalistic recitation of the elements of the cause of action." See, e.g., Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555; Coleman, 626 F.3d at 190. If the events occurred, Hart should be able to identify the specific promotions for which she applied, when she was not selected, the person or persons selected, and appropriate comparators. Thus, the court grants the motion to dismiss Hart's claims in count one.

As for Newkirk's Title VII and section 1981 claims in count one, she alleges that she has been employed since July 2005 and applied for an accounting position on June 20, 2009. See Compl. ¶¶ 11(aa)–(bb). After she applied, NCLM told her that a degree was required. Id. ¶ 11(bb). Newkirk, however, fails to allege how a degree requirement was discriminatory towards her or to allege that the Caucasian who received the accounting job failed to have a degree. Rather, the allegations are simply a "formalistic recitation of the elements of the cause of action." See, e.g.,

Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555; Coleman, 626 F.3d at 190. Thus, the court grants NCLM's motion to dismiss Newkirk's claims in count one.

As for Sneed's Title VII and section 1981 claims in count one, she alleges that she worked for NCLM since June 15, 1999, that she applied for two promotions, and that the promotions went to Caucasian employees. See Compl. ¶¶ 11(ee)–(ii). Sneed, however, has failed to plead these claims with the requisite specificity. See, e.g., Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555; Coleman, 626 F.3d at 190. If the events occurred, Sneed should be able to identify the specific promotion opportunities for which she applied, when she was not selected, and the person or persons selected, and appropriate comparators. Thus, the court grants NCLM's motion to dismiss Sneed's claims in count one.

As for Thorne's Title VII and section 1981 claims in count one, he alleges that he began working for NCLM in July 2004 and that he resigned on September 12, 2008. See Compl. ¶¶ 11(jj)–(nn). In October 2008, NCLM asked him to do training and bookkeeping for NCLM on a contract basis. Id. ¶¶ 11(oo)–(pp). He agreed to do so. Id. Thorne later applied for his old position. Id. After Thorne applied, NCLM selected a Caucasian female for the position. See id. ¶11(qq). Thorne's contract position expired on July 25, 2009. Id. ¶ 11(rr).

Thorne's claim in count one appears solely to allege failure to hire when he applied for his old position. Thorne, however, has failed to plead his failure-to-hire claim in count one with the requisite specificity. See, e.g., Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555; Coleman, 626 F.3d at 190. For example, Thorne should be able to identify the position for which he applied, when he was not selected, the person selected, and why he believes the selection was racially discriminatory. The complaint, however, does not contain this information. As pled, Thorne has failed to state a claim in count one. Thus, the court grants NCLM's motion to dismiss Thorne's

claims in count one.

As for count three, Thorne alleges that NCLM did not promote him due to his sex in violation of Title VII and section 1981. See Compl. ¶¶ 18–19. Thorne, however, does not identify the promotion opportunity that he sought, when he sought it, when it was denied, who was promoted, and why he believes the selection was based on gender. Moreover, section 1981 does not provide a remedy for sex discrimination. See 42 U.S.C. § 1981; St. Francis College v. Al-Khazraji, 481 U.S. 604, 609 (1987). Accordingly, even if Thorne had included the requisite details, the section 1981 claim in count three fails as a matter of law. Thus, the court grants NCLM's motion to dismiss Thorne's Title VII and section 1981 claims in count three.

As for count four, Barcliff seeks relief under Title VII and section 1981 and alleges that she received "write-ups and unfair treatment" (including monthly reprimands) in retaliation for complaining "about unfair treatment in the workplace." Compl. ¶¶ 20–22; cf. CBOCS West, Inc. v. Humphries, 553 U.S. 442, 445 (2008) (recognizing that section 1981 encompasses a complaint of retaliation against a person who has complained about a violation of another person's rights under section 1981). Barcliff's allegations in count four, however, fail to state a claim of retaliation under Title VII or section 1981. Specifically, the complaint states the conclusion that Barcliff received "write-ups and unfair treatment" including monthly reprimands, but fails to plausibly allege "material adversity." See Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 68 (2006) (quotations and citations omitted) ("[A] plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it might well have dissuaded a reasonable worker from making or supporting a charge of discrimination. We speak of material adversity because we believe it is important to separate significant from trivial harms."). For example, the allegations in count four fail to identify the harm these acts caused, such as a loss of

pay. Id. at 69–73. The same defect applies to Barcliff's section 1981 retaliation claim in count four. Thus, the court grants NCLM's motion to dismiss Barcliff's claims in count four.

As for count five, Barcliff and Thorne seek relief under Title VII and section 1981 for constructive discharge. In order to state a claim of constructive discharge under Title VII or section 1981, a complaint must include plausible allegations of "(1) deliberateness of the employer's actions and (2) intolerability of the working conditions." Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1353–54 (4th Cir. 1995) (quotation omitted); see Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 186–87 (4th Cir. 2004); Bristow v. Daily Press, Inc., 770 F.2d 1251, 1255–56 (4th Cir. 1985).[1] Here, count five fails to include plausible allegations of either requirement. See Compl. ¶¶ 11, 23. Moreover, Thorne's Title VII claim in count five fails for another independent reason: Thorne failed to allege constructive discharge in his EEOC charge. See D.E. 26-6, Ex. 6, Thorne EEOC Filing. Thus, the court grants NCLM's motion to dismiss the constructive discharge claims in count five.

II.

In sum, NCLM's motion to dismiss [D.E. 21] is GRANTED without prejudice. Plaintiffs may attempt to file an amended complaint with the requisite detail and plausible allegations not later than February 18, 2011.

SO ORDERED. This 25 day of January 2011.

JAMES C. DEVER III
United States District Judge

---

[1] Although Title VII's EEOC charge process does not apply to a section 1981 claim, courts analyze race discrimination claims under Title VII and section 1981 using the same analytic framework. See, e.g., Bryant v. Aiken Reg'l Med. Cntrs., Inc., 333 F.3d 536, 543–45 (4th Cir. 2003). Thus, Title VII constructive discharge principles also apply to section 1981 cases. See, e.g., Honor, 383 F.3d at 186–87.