IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-244-D

| | |
|---|---|
| KACEY BARCLIFF, TRACEY BURGESS, YOLANDA HART, TISHA NEWKIRK, TANIKA SNEED, and DEMOND THORNE, Plaintiffs, v. NORTH CAROLINA LEAGUE OF MUNICIPALITIES, Defendant. | **ORDER** |

Plaintiffs Kacey Barcliff, Tracey Burgess, Yolanda Hart, Tisha Newkirk, Tanika Sneed, and Demond Thorne (collectively "plaintiffs") seek relief from North Carolina League of Municipalities ("NCLM" or "defendant") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Age Discrimination in Employment Act ("ADEA") [D.E. 1]. Plaintiffs are five African Americans and one Hispanic American and are either NCLM employees or former NCLM employees. Hart is Hispanic and age 47. On January 25, 2011, the court granted NCLM's motion to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted and dismissed the complaint without prejudice [D.E. 21]. In the court's order, the court explained the deficiencies in the complaint, including why certain claims were untimely and other claims were deficient. On March 4, 2011, plaintiffs filed an amended complaint [D.E. 33], which made very few changes to the complaint. Thereafter, NCLM moved to dismiss the amended complaint for failure to state a claim upon which relief can be granted [D.E. 36], and plaintiffs responded in opposition [D.E.40]. Essentially, plaintiffs argue that the Supreme Court's decisions in Ashcroft v. Iqbal, 129

S. Ct. 1937 (2009), and Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), do not apply to cases alleging employment discrimination. As explained below, Iqbal and Twombly do apply in employment discrimination cases, and the claims in the amended complaint remain legally deficient. Accordingly, the court grants NCLM's motion to dismiss the amended complaint and dismisses the amended complaint with prejudice.

I.

In analyzing a motion to dismiss for failure to state a claim upon which relief can be granted, a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56, 563 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 2011 WL 500227 (U.S. June 27, 2011) (No. 10-1016)[1]; Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a

---

[1] In Coleman, the Fourth Circuit applied Iqbal and Twombly in a case alleging race discrimination and retaliation under Title VII and a violation of the self-care provisions of the Family and Medical Leave Act ("FMLA"). See Coleman, 626 F.3d at 190–91. The Supreme Court granted certiorari in Coleman to address Coleman's conclusion that the FMLA's self-care provisions cannot be applied against the states consistent with the Eleventh Amendment. See Petition for Writ of Certiorari at i, Coleman, 2011 WL 500227 (No. 10-1016) ("Question Presented"); cf. Coleman, 626 F.3d at 191–94. The decision to grant certiorari does not call into question the Fourth Circuit's holding in Coleman that Iqbal and Twombly apply in employment discrimination cases. Indeed, both before and after Coleman, the Fourth Circuit repeatedly has applied Iqbal and Twombly in employment discrimination cases. See Templeton v. First Tenn. Bank, N.A., No. 10-1753, 2011 WL 1525559, at *1–2 (4th Cir. Apr. 22, 2011) (per curiam) (unpublished); Bonds v. Leavitt, 629 F.3d 369, 385 (4th Cir. 2011); Mezu v. Morgan State Univ., 367 F. App'x 385, 386–88 (4th Cir. 2010) (per curiam) (unpublished); Dolgaleva v. Va. Beach City Pub. Sch., 364 F. App'x 820, 827 (4th Cir. 2010) (per curiam) (unpublished); Harman v. Unisys Corp., 356 F. App'x 638, 640–41 (4th Cir. 2009) (per curiam) (unpublished); Francis v. Giacomelli, 588 F.3d 186, 189–93, 195–96 (4th Cir. 2009); Campbell v. Geren, 353 F. App'x 879, 881 (4th Cir. 2009) (per curiam) (unpublished).

complaint's legal conclusions drawn from the facts. Ashcroft, 129 S. Ct. at 1949–50; Coleman, 626 F.3d at 190; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302; see Ashcroft, 129 S. Ct. at 1949–50. Likewise, even if a complaint includes well-pleaded factual allegations, the court must determine whether such allegations plausibly give rise to an entitlement to relief. See Iqbal, 129 S. Ct. 1951–52. A "mere possibility of misconduct" is not enough. Iqbal, 129 S. Ct. 1950. "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555; Coleman, 626 F.3d at 190. Furthermore, in considering a motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which the court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

Under Title VII and the ADEA, plaintiffs must file an EEOC charge within 180 days of each discrete adverse employment action described in the complaint. See, e.g., 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d); Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110–15 (2002); EEOC v. Commercial Office Prods. Co., 486 U.S. 107, 110 (1988); Williams v. Giant Food Inc., 370 F.3d 423, 428 (4th Cir. 2004); Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002); McCullough v. Branch Banking & Trust Co., 35 F.3d 127, 131 (4th Cir. 1994); Bratcher v. Pharm. Prod. Dev., Inc., 545 F. Supp. 2d 533, 539–43 (E.D.N.C. 2008). Accordingly, with respect to each discrete adverse employment action, 42 U.S.C. § 2000e-5(e)(1) and 29 U.S.C. § 626(d) bar any claim arising 180 days before each plaintiff filed his or her EEOC charge. See, e.g., Morgan, 536 U.S. at 110–15, 122; McDougal-Wilson v. Goodyear Tire & Rubber Co., 427 F. Supp. 2d 595, 606 n.3 (E.D.N.C. 2006).

3

As for the timeliness of the section 1981 claims in the amended complaint, plaintiffs allege race discrimination in violation of section 1981 in counts one and five and retaliation in violation of section 1981 in count four. The statute of limitations under 42 U.S.C. § 1981 is four years. See 28 U.S.C. § 1658; Jones v. R.R. Donnelley Sons Co., 541 U.S. 369, 383–84 (2004). Plaintiffs filed suit on June 17, 2010; therefore, any alleged violation of section 1981 that occurred before June 17, 2006, is time-barred. See, e.g., Jones, 541 U.S. at 383–84; McDougal-Wilson, 427 F. Supp. 2d at 604 n.2.

The case involves six plaintiffs. The complaint and amended complaint do not reference any direct evidence of race, sex, or age discrimination. Instead, plaintiffs contend that circumstantial evidence supports their claims. Cf. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802–07 (1973). The court now addresses NCLM's motion to dismiss each plaintiff's claims in the amended complaint.

A.

Barcliff alleges race discrimination in violation of Title VII and 42 U.S.C. § 1981 in count one, retaliation in violation of Title VII and 42 U.S.C. § 1981 in count four, and constructive discharge in violation of Title VII and 42 U.S.C. § 1981 in count five. See Am. Compl. ¶¶ 11(l)–11(u), 15, 20–22, 23. Barcliff raised these same claims in the original complaint (Compl. ¶¶ 11–11(t), 15, 20–21, 23), and the court dismissed them. See Barcliff, 2011 WL 285559, at *3–5. In count one, Barcliff described what she perceived to be race discrimination directed at other NCLM employees, but did not allege how these acts adversely affected her terms and conditions of employment. See Compl. ¶¶ 11(l)–11(t). The court concluded that Barcliff's race discrimination claims in count one failed "to describe with the requisite plausibility how she suffered any adverse employment action." Barcliff, 2011 WL 285559, at *3. As for count four, the court concluded that

4

Barcliff's retaliation claims concerning write-ups, unfair treatment, and monthly reprimands following complaints of race discrimination against others failed because Barcliff failed to plausibly allege material adversity. Id. at *5. As for count five, the court concluded that Barcliff's constructive discharge claims failed because Barcliff failed to plausibly allege either requirement necessary to prove constructive discharge: (1) deliberateness of NCLM's actions or (2) intolerability of working conditions. See id. (citing Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 186–87 (4th Cir. 2004); Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1353–54 (4th Cir. 1995); Bristow v. Daily Press, Inc., 770 F.2d 1251, 1255–56 (4th Cir. 1985)).[2]

In the amended complaint, Barcliff added new allegations only in paragraph 11(p). The paragraph states:

> Within three months after meeting with managers [in June 2008] where Plaintiff expressed concerns about discriminatory treatment involving Plaintiff and other minorities, Plaintiff received the worst performance evaluation in her prior 14 years of employment, which impacted Plaintiff's merit increase, promotion opportunities, and future salary and bonus pay.

Am. Compl. ¶ 11(p).

The amended complaint made no new allegations concerning count one. Compare Compl. ¶¶ 11–11(t), with Am. Compl. ¶¶ 11–11(u). As such, NCLM argues that Barcliff has continued to fail to plausibly allege adverse employment action concerning her race discrimination claim as alleged in count one.

Adverse employment action is required to state a claim of race discrimination or retaliation under Title VII and section 1981. See, e.g., James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371,

---

[2]Although Title VII's EEOC charge process does not apply to a section 1981 claim, courts analyze race discrimination claims under Title VII and section 1981 using the same analytic framework. See, e.g., Bryant v. Aiken Reg'l Med. Ctrs., Inc., 333 F.3d 536, 543–45 (4th Cir. 2003). Thus, Title VII constructive discharge principles also apply to section 1981 claims. See, e.g., Honor, 383 F.3d at 186–87.

5

376–78 (4th Cir. 2004); Bryant, 333 F.3d 543–45; Von Gunten v. Maryland, 243 F.3d 858, 867–68 (4th Cir. 2001), abrogated on other grounds by Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53 (2006); Boone v. Goldin, 178 F.3d 253, 255–57 (4th Cir. 1999). However, the standard concerning what constitutes adverse employment action differs as between the substantive race discrimination provision in Title VII (i.e., 42 U.S.C. § 2000e-2(a)) and the antiretaliation provision in Title VII (i.e., 42 U.S.C. § 2000e-3(a)). As the Supreme Court explained in Burlington Northern & Santa Fe Railway v. White, 548 U.S. 53 (2006), Title VII's substantive antidiscrimination provision is limited to actions that affect employment or alter the conditions of the workplace, such as discharge or a material change in compensation, terms, conditions, or privileges of employment. Id. at 62–63. In contrast, "the antiretaliation provision [in Title VII], unlike the substantive provision, is not limited to discriminatory actions that affect the terms and conditions of employment." Id. at 64. Rather, a plaintiff may satisfy the requirement of adverse employment action under Title VII's antiretaliation provision by showing that "a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Id. at 68 (quotations omitted).

Every circuit court (including the Fourth Circuit) to address adverse-employment action after Burlington Northern has held that Burlington Northern's adverse-employment action standard does not apply to Title VII's substantive antidiscrimination provision. See, e.g., Lisdahl v. Mayo Found., 633 F.3d 712, 721 (8th Cir. 2011); Morales-Vallellanes v. Potter, 605 F.3d 27, 35–36 (1st Cir. 2010); Fincher v. Depository Trust & Clearing Corp., 604 F.3d 712, 720 n.6 (2d Cir. 2010); Gaujacq v. EDF, Inc., 601 F.3d 565, 577 (D.C. Cir. 2010); Crawford v. Carroll, 529 F.3d 961, 974 n.14 (11th Cir. 2008); Rodriguez v. Pierce County, 267 F. App'x 556, 557 (9th Cir. 2008) (unpublished); Michael v. Caterpillar Fin. Servs. Corp., 496 F.3d 584, 593–94 (6th Cir. 2007); McCoy v. City of

6

Shreveport, 492 F.3d 551, 559–60 (5th Cir. 2007) (per curiam); Piercy v. Maketa, 480 F.3d 1192, 1203 (10th Cir. 2007); Brockman v. Snow, 217 F. App'x 201, 205–06 & n.3 (4th Cir. 2007) (unpublished); Szymanski v. County of Cook, 468 F.3d 1027, 1029 (7th Cir. 2006); Moore v. City of Philadelphia, 461 F.3d 331, 341–42 (3d Cir. 2006). As for Title VII's substantive antidiscrimination provision, the Fourth Circuit continues to require that a plaintiff show an "'ultimate employment' action that affects 'hiring, granting leave, discharging, promoting, and compensating.'" Snow, 217 F. App'x at 205 (quoting Page v. Bolger, 645 F.2d 227, 233 (4th Cir. 1981) (en banc)).

Here, in count one of the amended complaint, Barcliff does not allege that she was terminated, demoted, or suffered a reduction in pay due to her September 2008 performance evaluation. Although Barcliff claims in the amended complaint that her evaluation in September 2008 "impacted" her "merit increase, promotion opportunities, and future salary and bonus pay," Am. Compl. ¶ 11(p), Barcliff fails to explain, identify, or quantify a lost merit increase, a lost promotion opportunity, a lost salary increase, or a lost bonus. Cf. Holland v. Washington Homes, Inc., 487 F.3d 208, 219 (4th Cir. 2007) (speculation about future adverse consequences of an evaluation or reassignment does not constitute adverse employment action). Barcliff also fails to explain, identify, or quantify how the September 2008 evaluation impacted her current pay and even fails to state that she failed to receive a pay raise in 2008. Instead, the amended complaint states that Barcliff continued to work at NCLM in the same position until February 2010, when she resigned to accept retirement disability benefits. See Am. Compl. ¶¶ 11(t)–11(u). As such, Barcliff's allegations in count one fail to plausibly identify the requisite adverse employment action. See, e.g., Coleman, 626 F.3d at 190–91; James, 368 F.3d 375–78. Thus, the court grants the motion to dismiss Barcliff's Title VII and section 1981 race discrimination claims in count one.

7

Alternatively, Barcliff's Title VII race-discrimination claim in count one and her Title VII retaliation claim in count four are untimely to the extent that they arise from her September 2008 performance evaluation. Barcliff filed an EEOC charge on March 1, 2010, alleging race discrimination and retaliation. See D.E. 26-1, Ex. 1, Barcliff EEOC Filing. In her EEOC charge, Barcliff alleged that beginning on September 5, 2008, and throughout her employment, she was not allowed to perform her duties in human resources, received less benefits than a Caucasian co-worker who managed the IT department, and was constructively discharged on February 8, 2010. Id. On April 9, 2010, the EEOC dismissed Barcliff's EEOC charge. Id.

Simply put, Barcliff waited more than 180 days after her September 2008 performance evaluation to file her March 1, 2010 EEOC charge. Thus, the Title VII claims in counts one and four are time-barred to the extent that they rely on her September 2008 evaluation. See, e.g., Morgan, 536 U.S. at 110–15, 122.

Alternatively, Barcliff's Title VII and section 1981 claims in count four fail because Barcliff has continued to fail to plausibly allege material adversity within the broader standard applicable to Title VII's antiretaliation provision and to section 1981. See Barcliff, 2011 WL 285559, at *5; cf. CBOCS W., Inc. v. Humphries, 553 U.S. 442, 445 (2008) (recognizing that section 1981 encompasses a complaint of retaliation against a person who has complained about a violation of another person's rights under section 1981); Estate of Oliva ex rel. McHugh v. New Jersey, 604 F.3d 788, 797–98 & n.14 (3d Cir. 2010) (applying Burlington Northern and the requirement of adverse employment action under Title VII's antiretaliation provision to plaintiff's section 1981 retaliation claim); Hicks v. Baines, 593 F.3d 159, 161–62, 164–65 (2d Cir. 2010) (same); see also Shun-Lung Chao v. Int'l Bus. Machs., Corp., No. 10-1786, 2011 WL 1525612, at *1–2 (4th Cir. Apr. 22, 2011) (per curiam) (unpublished) (applying the Burlington Northern standard to plaintiff's Title VII and

8

section 1981 retaliation claims); Alford v. Martin & Gass, Inc., 391 F. App'x 296, 304–05 (4th Cir. 2010) (per curiam) (unpublished) (same).³ For example, the amended complaint does not allege that Barcliff was terminated, suffered a reduction in pay, or experienced a demotion or change in job responsibilities due to her protected activity. The amended complaint also fails to plausibly explain why a reasonable employee would have found the actions described in Barcliff's amended complaint to be materially adverse. In short, count four in the amended complaint fails to plausibly allege material adversity with respect to her terms and conditions of employment. See, e.g., Burlington N. & Santa Fe Ry., 548 U.S. at 68; Coleman, 626 F.3d at 190–91. Thus, the court grants NCLM's motion to dismiss Barcliff's Title VII and section 1981 claims in count four.

As for Barcliff's constructive discharge claims in count five, Barcliff failed to include any new allegations in the amended complaint concerning either the alleged deliberateness of NCLM's actions or the alleged intolerability of the working conditions. Thus, the court grants NCLM's motion to dismiss Barcliff's constructive discharge claim in count five. See, e.g., Coleman, 626 F.3d at 190–91; Barcliff, 2011 WL 285559, at *5.

B.

As for Burgess, her claims are all in count one. Specifically, Burgess alleges race discrimination in promotions, training, and discipline in violation of Title VII and 42 U.S.C. § 1981. See Am. Compl. ¶¶ 11(u)–11(x), 15. Burgess made the same claims in count one of the complaint. See Compl. ¶¶ 11(u)–1(w), 15. On January 25, 2011, the court dismissed these claims. See Barcliff, 2011 WL 285559, at *3. The court noted that Burgess's complaint simply contained a "formalistic

---

³ The parties have not briefed whether to apply Burlington Northern's adverse-employment standard to a retaliation claim under section 1981. Nonetheless, in light of the two unpublished Fourth Circuit cases cited in the text, the court assumes (without deciding) that Burlington Northern's broader standard of adverse-employment action applies not only under Title VII's antiretaliation provision, but also to a party asserting a retaliation claim under section 1981.

recitation of the elements" of the cause of action but did not identify any specific promotion, training opportunity, or discipline, the timing of such alleged adverse employment action, or appropriate comparators. Id.

In the amended complaint, Burgess identified five specific promotions for which she applied and was rejected: (1) a financial assistant position in October 2005; (2) an accountant position in June 2007; (3) a health program assistant manager position in August 2006; (4) a health program assistant position in October 2006; and, (5) an accountant position in May 2009. See Am. Compl. ¶¶ 11(u)(1)–(4).

The additional information in the amended complaint demonstrates that all of Burgess's Title VII non-promotion claims are untimely. See, e.g., Morgan, 536 U.S. at 110–15, 122; McDougal-Wilson, 427 F. Supp. 2d at 606 n.3. Specifically, Burgess filed an EEOC charge on February 26, 2010, alleging race discrimination. See D.E. 26-2, Ex. 2, Burgess EEOC Filing. In her EEOC charge, Burgess claimed that NCLM had employed her since June 2, 2000, and that she had been denied several promotions and training opportunities due to her race. Id. She also claimed that she had been disciplined differently due to her race. Id. On April 16, 2010, the EEOC dismissed Burgess's charge. Id.

All of Burgess's challenged promotions in the amended complaint took place more than 180 days before Burgess filed her February 26, 2010 EEOC charge. Accordingly, all of Burgess's Title VII failure-to-promote claims are time-barred. See, e.g., Morgan, 536 U.S. at 110–15, 122; McDougal-Wilson, 427 F. Supp. 2d at 606 n.3. Thus, the court dismisses those claims. Similarly, Burgess's section 1981 failure-to-promote claim concerning her October 2005 non-promotion is beyond the four-year limitations period applicable to section 1981 claims. See, e.g., 28 U.S.C. §1658; Jones, 541 U.S. at 383–84. Thus, the court dismisses that section 1981 claim.

10

As for the remaining section 1981 failure-to-promote claims, the amended complaint does not plausibly allege why she was qualified for the promotions, why an inference of race discrimination exists concerning her non-selection, or why the selected applicants were less or equally qualified. As such, the claims fail to cross the Twombly/Iqbal threshold and are dismissed. See, e.g., Coleman, 626 F.3d at 190–91; Barcliff, 2011 WL 285559, at *3.

As for the alleged denial of training opportunities, Burgess's amended complaint adds the "fact" that NCLM denied her a training opportunity "in the payroll functions in May 2009." Am. Compl. ¶ 11(x)(1). Again, however, this allegation reveals that the denial of training took place outside the 180-day window applicable to Burgess's February 26, 2010 EEOC charge. Thus, Burgess's Title VII failure-to-train claim is dismissed as time-barred. See, e.g., Morgan, 536 U.S. at 110–15, 122; McDougal-Wilson, 427 F. Supp. 2d at 606 n.3. As for her section 1981 failure-to-train claim, Burgess still has failed to identify the Caucasian who received the training and the consequences to the terms and conditions of her employment of the lost training opportunity. As such, Burgess has failed to cross the Twombly/Iqbal threshold, and the claim is dismissed. See, e.g., Coleman, 626 F.3d at 190–91; Barcliff, 2011 WL 285559, at *3.

Finally, as for Burgess's disparate-discipline claim, Burgess added no factual allegation concerning the alleged disparate discipline. Cf. Cook v. CSX Transp. Corp., 988 F.2d 507, 511 (4th Cir. 1993) (describing prima facie case of racially disparate discipline); Moore v. City of Charlotte, 754 F.2d 1100, 1105–06 (4th Cir. 1985) (same); McDougal-Wilson, 427 F. Supp.2d at 609 (same). Thus, the claim continues to fail to cross the Twombly/Iqbal threshold. See Coleman, 626 F.3d at 190–91; Barcliff, 2011 WL 285559, at *3. In sum, the court grants the motion to dismiss Burgess's Title VII and section 1981 claims in count one.

11

C.

As for Hart, Hart alleges race discrimination in violation of Title VII and 42 U.S.C. § 1981 in count one and age discrimination in violation of the ADEA in count two. See Am. Compl. ¶¶ 11(y)–11(aa), 15–17. The alleged race and age discrimination all involve non-promotions. See id. Hart made the same claims in counts one and two of the complaint. See Compl. ¶¶ 11(x)–11(z), 15–17. On January 25, 2011, the court dismissed Hart's Title VII claim and ADEA claims as untimely and noted that the EEOC had dismissed Hart's Title VII and ADEA charge as untimely. See Barcliff, 2011 WL 285559, at *2–3.[4]

In her amended complaint, Hart vaguely contends that she applied for a promotion to four positions "between January 1, 2008 and January 7, 2010" and that all persons selected were "young Caucasian females." Am. Compl. ¶¶ 11(z). In the amended complaint, however, Hart does not tie the date of the non-promotion to a specific position. See id. Through her vague pleading in the amended complaint, Hart apparently seeks to avoid the 180-day limitations period applicable to her Title VII and ADEA failure-to-promote claims. Cf. Morgan, 536 U.S. at 110–15, 122; 29 U.S.C. § 626(d). The court will not permit such gamesmanship, particularly where the EEOC dismissed the EEOC charge as untimely and where the court already has provided one opportunity to amend the complaint. Thus, Hart's Title VII and ADEA failure-to-promote claims are dismissed as untimely.

Alternatively, Hart's Title VII, ADEA, and section 1981 failure-to-promote claims continue to fail to cross the Twombly/Iqbal threshold in that the amended complaint simply contains a

---

[4] Hart filed her EEOC charge on March 11, 2010, alleging race discrimination and age discrimination. See D.E. 26-3, Ex. 3, Hart EEOC Filing. In her EEOC charge, Hart claimed that she had been denied several promotions. Id. On April 9, 2010, the EEOC dismissed the charge as untimely because Hart "waited too long after the date(s) of the alleged discrimination to file [her] charge." Id.

12

formalistic recitation of the elements of the cause of action. For example, Hart fails to allege that she was qualified for the positions, explain who was selected or why the selected person was less or equally qualified, or explain why the selection produces a plausible inference of race or age discrimination. See, e.g., Coleman, 626 F.3d at 190–91; Barcliff, 2011 WL 285559, at *4. Thus, the court grants the motion to dismiss Hart's claims in count one.

D.

As for Newkirk, Newkirk alleges race discrimination in violation of Title VII and 42 U.S.C. § 1981 in count one concerning a non-promotion. See Am. Compl. ¶¶ 11(bb)–11(ee), 15. Newkirk raised these same claims in her original complaint. See Compl. ¶¶ 11(aa)–11(dd), 15. On January 25, 2011, the court dismissed these claims. See Barcliff, 2011 WL 285559, at *4. The court concluded that Newkirk's claims in count one failed because Newkirk simply included a formalistic recitation of the elements of her cause of action. See id.

In the amended complaint, Newkirk added some new information in paragraph 11(dd). Specifically, she states:

> Plaintiff Newkirk has trained a total of five Caucasian Temps for the Accountant position **and none of them had degrees nor did the job require a degree.** However, Plaintiff Newkirk is deemed unqualified to be an applicant **because she does not have a degree.**

Id. ¶ 11(dd) (new language in bold). The non-promotion took place on or about June 20, 2009. Id. ¶ 11(cc).

Unfortunately for Newkirk, her Title VII failure-to-promote claim is untimely in light of her March 24, 2010 EEOC charge.[5] Simply put, Newkirk waited more than 180 days after the June 20,

---

[5] Newkirk filed her EEOC charge on March 24, 2010, alleging race discrimination. See D.E. 26-4, Ex. 4, Newkirk EEOC Filing. In her EEOC charge, Newkirk claimed that she applied for an accounting position on or about June 20, 2009, but did not get the job due to her race and lack of a degree. Id. On April 16, 2010, the EEOC dismissed Newkirk's charge. Id.

13

2009 non-promotion to file her March 24, 2010 EEOC charge. Thus, her Title VII claim is time-barred. See, e.g., Morgan, 536 U.S. at 110–15, 122.

Alternatively, Newkirk's Title VII and section 1981 claims in count one fail to cross the Twombly/Iqbal threshold. Notably, Newkirk does not allege that NCLM hired any "Temps" without a degree for the accounting position, does not explain how the alleged degree requirement for the accounting position was racially discriminatory towards her, and does not allege that NCLM hired a Caucasian for the accounting position who lacked a degree. As such, Newkirk has failed to state a claim upon which relief can be granted. See, e.g., Coleman, 626 F.3d at 190–91; Barcliff, 2011 WL 285559, at *4. Thus, the court grants NCLM's motion to dismiss Newkirk's Title VII and section 1981 claim in count one.

E.

As for Sneed, Sneed alleges race discrimination in promotions in violation of Title VII and 42 U.S.C. § 1981 in count one. See Am. Compl. ¶¶ 11(ff)–11(jj), 15. Sneed made these same claims in count one of the complaint. See Compl. ¶¶ 11(ee)–11(ii). On January 25, 2011, the court dismissed these claims. See Barcliff, 2011 WL 285559, at *4. The court concluded that Sneed failed to plead her claims with the requisite plausibility. See id.

In the amended complaint, Sneed identified three specific non-promotions: (1) central service manager in 2005; (2) member service field representative in August 2008; and (3) senior planner in February 2010. See Am. Compl. ¶¶ 11(gg). However, because Sneed filed her EEOC charge on March 1, 2010, Sneed's Title VII failure-to-promote claims concerning the central service manager position in 2005 and member service field representative position in 2008 are dismissed

14

as untimely. See, e.g., Morgan, 536 U.S. at 110–15, 122.[6] Likewise, Sneed's section 1981 claim concerning the 2005 non-promotion is dismissed as untimely. See 28 U.S.C. § 1658; Jones, 541 U.S. at 383–84. As for Sneed's newly added Title VII claim concerning her alleged non-promotion in February 2010 to senior planner, Sneed did not include this allegation in her March 1, 2010 EEOC charge. See D.E. 26-5, Ex. 5, Sneed EEOC Filing. Accordingly, she failed to exhaust her administrative remedies under Title VII as to that claim, and the court dismisses it. See, e.g., Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009); Chacko v. Patuxent Inst., 429 F.3d 505, 508 (4th Cir. 2005); Miles v. Dell, Inc., 429 F.3d 480, 491 (4th Cir. 2005).

Finally, with respect to Sneed's two timely section 1981 non-promotion claims concerning the August 2008 position and the February 2010 position, Sneed's amended complaint did not add any requisite detail to make the allegation plausible. For example, Sneed fails to allege who was selected, why that person was equally or less qualified than Sneed, or what specific information would permit a reasonable inference that NCLM engaged in race discrimination towards Sneed concerning the non-promotions. See, e.g., Coleman, 626 F.3d at 190–91; Barcliff, 2011 WL 285559, at *4. Thus, these claims in Sneed's amended complaint are dismissed.

F.

As for Thorne, he alleges that he began working for NCLM in July 2004 and that he resigned on September 12, 2008. See Am. Compl. ¶¶ 11(kk)–(oo). In October 2008, NCLM asked him to return on a contract basis to do training and bookkeeping for NCLM. Id. ¶¶ 11(pp)–(qq). He agreed

---

[6] Sneed filed her EEOC charge on March 1, 2010, alleging race discrimination. See D.E. 26-5, Ex. 5, Sneed EEOC Filing. In her EEOC charge, Sneed claimed that NCLM had denied her several promotions and her work was outsourced. Id. On April 9, 2010, the EEOC dismissed Sneed's charge. Id.

15

to do so. Id. "While working as a contract employee, [Thorne] was offered the opportunity to apply for his old position in July 2009." Id. ¶¶ 11(qq). NCLM subsequently selected a less experienced and less qualified Caucasian female named Denise Hobson for the position. See id. ¶ 11(rr). Thorne's contract position expired on July 25, 2009. Id. ¶ 11(ss).

In count one, Thorne contends that NCLM did not hire him in July 2009 due to his race and thereby violated Title VII and 42 U.S.C. § 1981. See id. ¶15. In count three, Thorn contends that NCLM did not hire him in July 2009 due to his sex and thereby violated Title VII. See id. ¶¶ 18–19. Thorne made these same allegations in the complaint. See Compl. ¶¶ 11(jj)–11(rr), 15, 18–19. On January 25, 2011, the court dismissed these claims. See Barcliff, 2011 WL 285559, at *5. The court concluded that Thorne failed to plead his claims in counts one and three with the requisite plausibility. Id.

Thorne again has failed to plead his failure-to-hire claims in count one and count three with the requisite plausibility. See, e.g., Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555; Coleman, 626 F.3d at 190. For example, Thorne has failed to allege that he actually applied or sought to apply for the position. Cf. Am. Compl. ¶ 11(qq) ("While working as a contract employee, Plaintiff was offered the opportunity to apply for his old position in July 2009."). Without alleging that he applied or sought to apply for the position, the claim is not plausible. See, e.g., Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 268 (4th Cir. 2005); Smith v. J. Smith Lanier Co., 352 F.3d 1342, 1345 (11th Cir. 2003); Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 959–60 (4th Cir. 1996). Moreover, even if the court assumes that Thorne applied or sought to apply, the amended complaint also does not contain sufficient information to permit a plausible inference of race discrimination or sex discrimination. See, e.g., Coleman, 626 F.3d at 190–91; Autry v. N.C. Dep't of Human Res., 820 F.2d 1384, 1386 (4th Cir. 1987) ("In order to establish a case of race

16

discrimination, however, Plaintiff would have to be able to show a connection between her race and her failure to be promoted. In other words, she would have to show that she was not promoted *because of* her race, not that she was a member of the black race *and* was not promoted."). Thus, the court grants NCLM's motion to dismiss Thorne's claims in count one and count three.

As for count five, Thorne seeks relief under Title VII and section 1981 for constructive discharge. See Am. Compl. ¶ 23. Thorne made the same constructive discharge claim in the complaint. See Compl. ¶ 23. On January 25, 2011, the court dismissed Thorne's constructive-discharge claim because he failed to include it in his EEOC charge. Barcliff, 2011 WL 285559, at *5. Alternatively, the court dismissed it because the complaint failed to plausibly allege constructive discharge. See id.

Thorne's Title VII claim in count five again fails because he failed to allege constructive discharge in his EEOC charge. See D.E. 26-6, Ex. 6, Thorne EEOC Filing; cf. Jones, 551 F.3d at 300. Alternatively, and in any event, in order to state a claim of constructive discharge under Title VII or section 1981, a complaint must include plausible allegations of "(1) deliberateness of the employer's actions and (2) intolerability of the working conditions." Barcliff, 2011 WL 285559, at *5 (collecting cases). Here, count five fails to include plausible allegations of either requirement. See Am. Compl. ¶¶ 11, 23. Thus, the court grants NCLM's motion to dismiss Thorne's constructive discharge claims in count five. See, e.g., Coleman, 626 F.3d at 190–91.

II.

In sum, NCLM's motion to dismiss the amended complaint [D.E. 36] is GRANTED. The court already has given plaintiffs the opportunity to amend the complaint in order to cross the Twombly/Iqbal threshold. Plaintiffs' amended complaint continues to fail to state a claim. Accordingly, the amended complaint is DISMISSED with prejudice.

17

SO ORDERED. This _1_ day of August 2011.

／s／ James C. Dever
JAMES C. DEVER III
United States District Judge